UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX TABATABAEE, | No. 2:14-cv-2137 WBS DAD P |
| Plaintiff, | |
| v. | ORDER |
| M. STAINER et al., | |
| Defendants. | |

  Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In his complaint, plaintiff has identified CDCR Director of Adult Institutions M. Stainer and twenty additional prison officials and correctional staff members as defendants in this action. Plaintiff alleges that as far back as August 2012, the defendants have improperly housed him at Level IV-180 institutions when he is classified as a Level IV-270 inmate. According to plaintiff, Level IV-180 inmates are deemed more violent than those inmates designated as Level IV-270. Plaintiff alleges that for years he attempted to obtain a transfer to a prison appropriate for his classification score, but defendants denied him such a transfer and rejected his inmate appeals challenging their decisions in that regard. Plaintiff also alleges that while incarcerated at CSP-Sacramento, two Level IV-180 inmates brutally assaulted him, causing serious injuries to his jaw,

nose, and lower back.  After that assault, plaintiff claims that he again sought a transfer to a Level IV-270 institution, but defendants refused to modify his housing assignment and rejected his inmate appeals concerning it.  Plaintiff alleges that when defendants finally did act, they transferred him to High Desert State Prison (HDSP), which is another Level IV-180 institution.  Plaintiff alleges that he tried to file an inmate appeal regarding what he believed was a retaliatory transfer to HDSP, but defendants rejected those inmate appeals as well.  Based on these alleged acts, plaintiff claims that defendants violated his rights under the Eighth Amendment, the First Amendment, and various state laws.  In terms of relief, plaintiff requests injunctive relief and damages.  (Compl. at 5-32.)

## DISCUSSION

Many of the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), his original complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory
/////

1  allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at
2  268.
3     The undersigned also advises plaintiff of the following legal standards that appear to
4  govern the claims he is attempting to bring. First, insofar as plaintiff wishes to proceed on a
5  failure to protect claim under the Eighth Amendment, he is advised that a prison official can be
6  found liable for a failure to protect only if "the official knows of and disregards an excessive risk
7  to inmate health and safety; the official must both be aware of facts from which the inference
8  could be drawn that a substantial risk of serious harm exists, and he must also draw the
9  inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). That defendants allegedly allowed
10 plaintiff to be incarcerated at a higher-level security facility than his classification score appeared
11 to require in and of itself does not violate the Eighth Amendment. See Myron v. Terhune, 476
12 F.3d 716, 719 (9th Cir. 2007) (rejecting an Eighth Amendment claim based on alleged improper
13 classification to a Level IV prison because "the mere act of classification" does not amount to the
14 infliction of pain); see also Hall v. Tilton, No. C 07-3233 RMW (PR), 2010 WL 2629914 at *4
15 (N.D. Cal. June 29, 2010) (rejecting a prisoner's claim that retaining him in a Level III facility
16 when he was a Level II inmate violated his rights under the Eighth Amendment), aff'd 530 Fed.
17 Appx. 690 (9th Cir. 2013).
18    In any amended complaint plaintiff elects to file, he must allege facts indicating that the
19 named defendants knew of an excessive risk of harm to him and disregarded that risk. Plaintiff's
20 speculative or generalized fears of harm are not enough to state an Eighth Amendment claim. See
21 Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) ("a mere suspicion that an attack will
22 occur" is not enough to support a cognizable Eighth Amendment claim); Williams v. Wood, 223
23 Fed. App'x 670, 671 (9th Cir. Mar. 1, 2007)[1] ("speculative and generalized fears of harm at the
24 hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [plaintiff's]
25 future health")
26 /////

---

[1] Citation to this unpublished Ninth Circuit opinion issued after January 1, 2007 is appropriate pursuant to Ninth Circuit Rule 36–3(b).

Turning now to plaintiff's retaliation claim, the Ninth Circuit has made clear:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. at 567-68. In his complaint, plaintiff summarily concludes that defendants transferred him to HDSP in retaliation for his filing of inmate appeals. In any amended complaint plaintiff elects to file, he will need to allege facts that indicate that defendants were aware of his prior engagement in protected conduct and that his protected conduct was "the 'substantial' or 'motivating' factor" behind their decision to transfer him to HDSP. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). He will also need to allege facts to show that his transfer did not advance legitimate penological interests. See id. at 1269. A retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000).

To the extent plaintiff is attempting to claim that defendants violated his constitutional rights in connection with his inmate appeals, plaintiff is advised that prison officials are not required to process inmate appeals in a specific way or to respond to them in a favorable manner. In this regard, even if defendants rejected, cancelled, or denied plaintiff's inmate appeals, they have not deprived him of a federal constitutional right. This is because it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that

prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Finally, the undersigned observes that plaintiff has named a number of supervisory officials as defendants in his complaint. As noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. The Ninth Circuit has made clear that a supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)). If plaintiff wishes to proceed against any supervisory defendants, he will need to allege facts in his amended complaint clarifying the causal connection between the defendants and his alleged constitutional deprivations.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any amended complaint plaintiff elects to file, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's applications to proceed in forma pauperis (Doc. Nos. 2 & 8) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: October 13, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
taba2137.14a